

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. JEFFREY MICHAEL LEO, Defendant/Movant. | Cause No. CR 15-066-BLG-SPW<br>CV 17-162-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
|---|---|

This case comes before the Court on Defendant/Movant Jeffrey Michael Leo's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Leo is a federal prisoner proceeding pro se.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Leo pled guilty to possessing methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1). On December 15, 2016, he was sentenced to serve 84 months in prison, concurrent with two state sentences, and followed by a three-year term of supervised release. *See* Judgment (Doc. 50) at 1-3.

On November 27, 2017, Leo filed a motion asking the Court to "correct" the sentence under Federal Rule of Criminal Procedure 36. The motion was denied because "Leo's sentence is correct." *See* Mot. (Doc. 57); Order (Doc. 58) at 2.

## III. Analysis

Leo again claims that his sentence is incorrect because it should have been reduced to ensure he received more credit for time spent in custody before his federal sentencing hearing. The Court has already found that Leo's sentence was correct. *See* Order Denying Mot. to Correct Sentence (Doc. 58).

Leo also contends that his counsel believed "she did not have to ask for time served in Federal Custody as everyone gets it automatically." Leo Aff. (Doc. 59-1) at 1 ¶ 6. Claims of ineffective assistance of counsel are governed by *Strickland v.*

*Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Leo must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Counsel's performance was not unreasonable, and there is no reasonable probability Leo's sentence would be shorter if counsel had done something differently. Her statement was correct. Each day a defendant is in federal custody, he receives one day's credit against his federal sentence. The State of Montana paroled Leo to his federal detainer in March 2017. *See* Board of Pardons & Parole, Final Dispositions at 15 (Mar. 2017). At some point after that, he was taken into federal custody. He was not in federal custody when he appeared in this Court on a writ of habeas corpus *ad prosequendum*. *See* Writ (Doc. 7); *see also Schleining v. Thomas*, 642 F.3d 1242, 1243 n.1 (9th Cir. 2011); *Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 566 U.S. 231, 244 (2012)). Assuming he has received credit against one or both of his state sentences for that time, he is not entitled to credit against the federal sentence as well. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329,

333 (1992). Contrary to Leo's allegation, *see* Leo Aff. (Doc. 59-1) at 2 ¶ 8, counsel did not cause him to lose credit for that time.

Counsel sought credit for time served in pretrial custody that would not be credited to Leo's federal sentence. *See* Def. Sentencing Mem. (Doc. 40) at 15-16; U.S.S.G. § 5G1.3. But, as the discussion at the sentencing hearing shows, not all the conduct taken into account at sentencing was relevant conduct, so the Court was not persuaded to reduce the sentence under § 5G1.3. As has already been explained, *see* Order (Doc. 58) at 1-2, the Court knew of the factors Leo identifies and imposed the sentence it meant to impose. Leo's statement that counsel failed to present an issue to the Court, *see* Mot. § 2255 at 4, is incorrect.

Leo also contends that his federal sentence would have been shorter in effect if he had not been arrested before he completed a state treatment program. *See* Leo Aff. at 1 ¶ 5. This allegation is speculative and not persuasive.

### IV. Certificate of Appealability

A certificate of appealability is not warranted as Leo has not made a showing of any substance that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript

of the sentencing hearing, held on December 15, 2016, is required to decide an issue presented by Leo. The United States shall immediately order the transcript for the Court's file, with a copy to be delivered to Jeffrey Michael Leo, BOP # 13738-046, FCI Mendota, Federal Correctional Institution, P.O. Box 9, Mendota, CA 93640.

2. Leo's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 59, 59-1) is DENIED.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Leo files a Notice of Appeal.

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-162-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Leo.

DATED this 7th day of August, 2018.

Susan P. Watters
United States District Court